COPY

FILED

2012 JUL 12  PM 3: 00

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

QUINN EMANUEL URQUHART
& SULLIVAN, LLP
  David W. Quinto (Bar No. 106232)
  davidquinto@quinnemanuel.com
  Christopher Tayback (Bar No. 145532)
  christayback@quinnemanuel.com
  Ian S. Shelton ((Bar No. 264863)
  ianshelton@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California   90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Plaintiff
Sae-A Trading America Corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SAE-A TRADING AMERICA CORPORATION, a New York Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> UNIVERSAL SURFACE TECHNOLOGY, INC. doing business as TRENDY EMBELLISHMENT, a California corporation; KWAN BYUNG LEE, a/k/a KWAN LEE, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. **CV12-6018** -CAS (JBRx) <br><br> **COMPLAINT FOR:** <br><br> 1. **DECLARATORY RELIEF; AND** <br> 2. **FRAUD ON THE COPYRIGHT OFFICE** |

04312.23400/4849451.1

COMPLAINT FOR DECLARATORY RELIEF AND FRAUD ON THE COPYRIGHT OFFICE

1    For its complaint against Universal Surface Technology, Inc. doing business

2 as Trendy Embellishment ("UST"), Kwan Byung Lee ("Lee") and Does 1 through

3 10, inclusive, plaintiff Sae-A Trading America Corporation ("Sae-A America")

4 alleges as follows:

5                    **Nature of Complaint**

6    1.    The claims alleged herein were brought earlier as a cross-complaint in

7 *Universal Surface Technology, Inc. v. Sae-A Trading America Corp., et al.,*

8 No. CV10-6972 CAS (PJWx), filed September 20, 2010.   The claims alleged

9 herein were dismissed without prejudice on December 7, 2011.   Thereafter, then-

10 counsel for UST and Lee agreed to resolve the parties' dispute through an

11 assignment of the copyrights at issue to plaintiff.   However, the assignment was

12 never executed and UST and Lee retained new counsel who refused to go forward

13 with the assignment, thus necessitating this action.

14    2.    In 2008, UST's sole principal, Lee, negotiated an agreement between

15 UST and Sae-A Trading Co., Ltd. ("Sae-A Korea") to operate a garment printing

16 factory in Guatemala (the "Factory") to be owned by Glovia, S.A. ("Glovia").

17 Pursuant to the terms of their agreement, Lee was appointed as Glovia's General

18 Manager and Legal Representative and was responsible, among other things, for

19 providing Glovia's management team and factory personnel.   Beginning in

20 February 2009, Glovia, operating under Lee's direction and control, produced

21 printed garments for sale by retail store chains in the United States.   The garments

22 were printed with patterns developed by persons who were compensated by Glovia

23 or, in a few instances, were created by Sae-A customers and modified by persons

24 compensated by Glovia.   In no instance were the patterns created by Lee.   Lee

25 nevertheless registered U.S. claims of copyright ownership in all such patterns and

26 purported to assign the copyright registrations to UST.

27    3.    The patterns were the property of Glovia.   They were typically created

28 by independent contractors working under the direction and control of Lee, while

04312.23400/4849451.1

---

1  Lee and UST were responsible for operating Glovia.    Further, Lee caused UST to
2  send invoices to Glovia for the independent contractors' services, and caused Glovia
3  to pay those invoices.    In some instances, patterns were created by UST employees,
4  whose time was separately accounted for and billed to Glovia.    At Lee's direction,
5  Glovia paid those invoices.    When Lee later registered the claims of copyright in
6  the patterns with the United States Copyright Office, he falsely represented that he
7  was the "author" of each and every such pattern, notwithstanding that he had
8  authored none of them.    All the copyrighted patterns were "works for hire" owned
9  by Glovia.

10        4.      Because Glovia has assigned the copyrights it owned to Sae-A
11  America, Inc., Sae-A America seeks declaratory relief that it is the true owner of the
12  copyrights and seeks to recover for the fraud on the Copyright Office committed by
13  UST and Lee.

14                                **Parties**

15        5.      Plaintiff Sae-A America is a New York corporation having its principal
16  place of business in New York, New York.

17        6.      Defendant UST is a California corporation that at all times relevant
18  hereto had its principal place of business in Los Angeles, California.

19        7.      Defendant Lee is an individual who resides in Los Angeles County, in
20  the State of California.

21        8.      Defendants Does 1 through 10, inclusive are sued herein under
22  fictitious names, their true names and capacities being presently to known to Sae-A
23  America.    Sae-A America will seek leave of court to amend this complaint to
24  allege the true names and capacities of Does 1-10 when the same are ascertained.
25  Sae-A America is informed and believes, and thereupon alleges, that each such
26  fictitiously named counterclaim defendant is responsible in some manner for the
27
28

04312.23400/4849451.1

COMPLAINT FOR DECLARATORY RELIEF AND FRAUD ON THE COPYRIGHT OFFICE

1  occurrences alleged herein and for the damages incurred by Sae-A America as a

2  result thereof.

3       9.    Sae-A America is informed and believes, and thereupon alleges, that at

4  all times herein mentioned, UST, Lee, and Does 1-10 were the duly authorized

5  agents, employees, joint venturers, or subcontractors of one another and in doing the

6  things hereinafter alleged, were acting at all times within the course and scope of

7  their agency, employment, or joint venture.

8  **Jurisdiction and Venue**

9      10.    This action presents questions arising under the Copyright Act of 1976,

10  Title 17 of United States Code.   Jurisdiction is conferred upon the Court pursuant

11  to 28 U.S.C. §§ 1332(a) and 1338.   The amount in controversy exceeds $75,000,

12  exclusive of interest and costs.

13      11.    Venue lies in this District pursuant to 28 U.S.C. § 1391 in that the

14  defendants reside in this District and in that a substantial part of the events and

15  omissions giving rise to the complaint occurred in this District.

16  **Facts Common to All Claims**

17      12.    Sae-A America generates sales of garments manufactured by Sae-A

18  Korea or its affiliates.   Glovia is a wholly-owned subsidiary of Sae-A Korea that

19  printed and/or embellished plain garments through the use of silk-screen printing

20  and sublimation printing techniques while under the direction and control of Lee and

21  UST.

22      13.    In or about May 2008, UST's principal, Lee, met with representatives

23  of Sae-A Korea and held himself out as an experienced high-end garment printing

24  and embellishment specialist.   At the time, Sae-A Korea was (and is today) a large

25  garment manufacturer based in the Republic of Korea (South Korea) having

26  subsidiaries in various countries engaged in the garment manufacturing business.

27

28

04312.23400/4849451.1

-3-

1   Lee promised to Sae-A Korea that he could develop a profitable high-end garment
2   printing and embellishment business.

3       14.    In June 2008, Lee and Sae-A Korea entered into an oral agreement
4   pursuant to which Sae-A Korea was obligated to provide and equip a factory in
5   Guatemala to conduct a garment printing and embellishing business and was
6   additionally obligated to provide a $5,000,000 start-up loan.   In turn, Lee and UST
7   agreed to be responsible for the operations of the business; provide copyrightable
8   fabric patterns for it to print; provide know-how, expertise and management skills to
9   operate the factory profitably; supply or hire and train appropriate personnel to
10  conduct the printing and embellishment services under their supervision; and repay
11  the $5,000,000 start-up loan over a period of five years, at which time ownership of
12  the factor would pass to UST.   The parties also agreed that although Sae-A Korea
13  would own all the stock in Glovia but UST, a company wholly-owned by Lee,
14  would be allowed to keep all profits earned by Glovia.   In that manner, Lee and
15  Sae-A Korea anticipated that Lee, through his company, UST, would be able to
16  repay the $5,000,000 start-up loan.

17      15.    In July 2008, Lee and Sae-A Korea entered into an "Agreement for
18  Investment in Establishment and Operation of a Factory" (the "Investment
19  Agreement"), in part to memorialize the terms under which Sae-A Korea was
20  providing the $5,000,000 start-up loan.   The Investment Agreement specified that
21  UST would be responsible for purchasing and installing machinery and equipment,
22  acquiring needed materials, and outfitting and operating the Glovia factory.
23  Pursuant to the Investment Agreement, Lee and UST were required to provide the
24  personnel and technology necessary to operate the Glovia factory, including
25  designers, factory technicians, and others.   Lee and UST were also obligated to
26  assume sole responsibility for operating the factory.   As defendants alleged in the
27  prior federal action:

28

-4-
COMPLAINT FOR DECLARATORY RELIEF AND FRAUD ON THE COPYRIGHT OFFICE

Sae-A Korea … purchased a factory building in Mix[]co, Guatemala which was thereafter called "Glovia" …. [UST], with funds provided by …. Sae-A Korea, purchased all of the manufacturing equipment, designed the floor plan, trained personnel, and supervised the construction of the Glovia factory from the ground up.   In addition, [UST] hired and trained personnel in Los Angeles, teaching them the unique water-based printing manufacturing technologies at [UST's] Los Angeles plant, and then sent those employees from Los Angeles to the Glovia Factory in Guatemala in order to man[a]ge and oversee that manufacturing process, which [UST] supervised.

16.    Lee and UST completed the Glovia factory in or about December 2008, and commenced production immediately thereafter.

17.    Just as Sae-A Korea provided working capital to Glovia, UST and Lee were required to create patterns that could be applied to garments printed by Glovia.

18.    Sae-A America and Ocen allege upon information and belief that the patterns created for and paid for by Glovia included, without limitation, the patterns registered pursuant to the following United States Certificates of Copyright Registration (also identified by their purported "Trendy" Embellishment design numbers assigned to them by UST):   VAu 723-503 (Trendy Design 007); VAu1-002-537 (Trendy Design 061); VAu1-003-631 (Trendy Design 072); VAu1-003-595 (Trendy Design 073); VAu1-003-612 (Trendy Design 076); VAu1-003-619 (Trendy Design 078);   VAu1-003-635 (Trendy Design 079); VAu1-020-991 (Trendy Design 080); VAu1-020-995 (Trendy Design 081); VAu1-020-994 (Trendy Design 083); VAu1-007-402 (Trendy Design 090); VAu998-244 (Trendy Design 097); VAu 998-234 (Trendy Design 098); VAu998-537 (Trendy Design 099); VAu 1-022-368 (Trendy Design 100); VAu 1-022-355 (Trendy Design 106); VAu 1-022-351 (Trendy Design 107); VAu 1-022-349 (Trendy Design 108); VAu 1-022-348 (Trendy Design 109); VAu 1-022-342 (Trendy Design 110); VAu 1-022-341 (Trendy Design 111); VAu 1-018-247 (Trendy Design 112); VAu 1-022-945 (Trendy Design 115); VAu 1-022-931 (Trendy Design 116); VAu 1-022-919

1    (Trendy Design 117); VAu 1-022-952 (Trendy Design 118); VAu 1-032-359

2    (Trendy Design 126); VAu 1-032-371 (Trendy Design 127); VAu 1-032-309

3    (Trendy Design 128); VAu 1-032-307 (Trendy Design 129); VAu 1-032-348

4    (Trendy Design 130); VAu 1-032-368 (Trendy Design 131); VAu 1-032-342

5    (Trendy Design 132); VAu 1-032-317 (Trendy Design 133); VAu 1-032-321

6    (Trendy Design 134); VAu 1-032-319 (Trendy Design 135); VAu 1-032-303

7    (Trendy Design 136); VAu 1-032-301 (Trendy Design 137); VAu 1-032-300

8    (Trendy Design 138); VAu 1-03Z-298 (Trendy Design 139); VAu 1-032-297

9    (Trendy Design 140); VAu 1-032-293 (Trendy Design 141); VAu 1-032-295

10   (Trendy Design 142); VAu 1-032-291 (Trendy Design 143); VAu 1-032-289

11   (Trendy Design 144); VAu 1-032-404 (Trendy Design 145); VAu 1-032-366

12   (Trendy Design 146); VAu 1-032-364 (Trendy Design 147); VAu 1-032-362

13   (Trendy Design 148); VAu 1-032-356 (Trendy Design 149); VAu 1-032-352

14   (Trendy Design 150); VAu 1-032-375 (Trendy Design 151); VAu 1-032-370

15   (Trendy Design 152); VAu 1-032-346 (Trendy Design 153); VAu 1-032-340

16   (Trendy Design 154); VAu 1-032-497 (Trendy Design 155); VAu 1-032-458

17   (Trendy Design 156); VAu 1-032-457 (Trendy Design 157); VAu 1-032-418

18   (Trendy Design 158); VAu 1-032-417 (Trendy Design 159); VAu 1-032-475

19   (Trendy Design 160); VAu 1-032-473 (Trendy Design 161); VAu 1-032-471

20   (Trendy Design 162); VAu 1-032-468 (Trendy Design 163); VAu 1-032-462

21   (Trendy Design 164); VAu 1-032-460 (Trendy Design 165); VAu 1-032-403

22   (Trendy Design 166); VAu 1-032-416 (Trendy Design 167); VAu 1-032-412

23   (Trendy Design 168); VAu 1-032-405 (Trendy Design 169); VAu 1-032-411

24   (Trendy Design 170); VAu 1-032-410 (Trendy Design 171); VAu 1-032-495

25   (Trendy Design 172); VAu 1-032-494 (Trendy Design 173); VAu 1-032-407

26   (Trendy Design 174); VAu 1-032-413 (Trendy Design 175); VAu 1-032-477

27   (Trendy Design 176); VAu 1-032-478 (Trendy Design 177); VAu 1-032-482

28

(Trendy Design 178); VAu 1-032-485 (Trendy Design 179); VAu 1-032-492
(Trendy Design 180); VAu 1-032-726 (Trendy Design 181-209) (collectively, the
"Copyrights").

### First Claim for Relief

### (Declaratory Relief by Sae-A America against all Defendants)

19.     Sae-A America repeats and realleges paragraphs 1 through 18, above,
as though fully set forth at length.

20.     Sae-A America claims ownership of the Copyrights pursuant to an
assignment to Sae-A America by Glovia of its rights in the Copyrights.

21.     An actual controversy has arisen between Sae-A America, on the one
hand, and defendants, on the other hand, in that Sae-A America contends, and
defendants deny, that the Copyrights are owned by it and not by UST.

22.     Sae-A America desires a judicial determination of the respective rights
of the parties with respect to the ownership of the Copyrights.

23.     A judicial declaration is necessary and appropriate in order that Sae-A
America may be apprised of their interest in the Copyrights and to avoid a
multiplicity of actions.

24.     Sae-A America is therefore entitled to a judicial declaration that it, and
neither of the defendants, is the rightful owner of the Copyrights.

### Second Claim for Relief

### (Fraud on the Copyright Office by Sae-A America against UST and Lee)

25.     Sae-A America repeats and realleges paragraphs 1 through 18 and 20
through 24, above, as though fully set forth at length.

26.     The certificates of registration of the Copyrights identify "Kwan Lee"
as the purported author of each.   In fact, the Copyrights were created or modified
for Glovia by UST's employees or by independent contractors who, in each case

1  were paid by Glovia.   Accordingly, the patterns subject to the Copyright

2  registrations were works for hire, thus making Glovia their owner as a matter of law.

3        27.   In submitting the certificates of registration of the Copyrights to the

4  United States Copyright Office identifying Lee as the purported author of the

5  Copyrights, defendants willfully misstated a fact that, if known by the Copyright

6  Office, would have led it to reject the registration applications.   As explained in

7  Melville B. Nimmer and David Nimmer, *Nimmer on Copyright*, at 2:7.20[b][1]

8  (with supp. 2010), "'[E]vasions and artful omissions' concealing the fact that the

9  work was registered by the wrong party under the work for hire doctrine have been

10  held to invalidate such a registration."

11        28.   Sae-A America is therefore entitled to a judicial declaration that the

12  purported registrations of the Copyrights are invalid.

13  **Prayer for Relief**

14        WHEREFORE, Plaintiff requests judgment against defendants, and each of

15  them, as follows:

16        1.   That the Court enter an order declaring that Sae-A Trading America

17  Corporation is the true and correct owner of the Copyrights;

18        2.   That Plaintiff be awarded its reasonable attorneys' fees and costs of suit

19  incurred herein; and

20        3.   That the Court award such other and further relief as is just and proper.

21

22  DATED:   July 12, 2012      QUINN EMANUEL URQUHART &

23                      SULLIVAN, LLP

24

25             By _____

26                 David W. Quinto

27                 Attorneys for Plaintiff Sae-A Trading

                 America Corporation

28

04312.23400/4849451.1

-8-

COMPLAINT FOR DECLARATORY RELIEF AND FRAUD ON THE COPYRIGHT OFFICE

ORIGINAL

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
CENTRAL     District of     CALIFORNIA

SAE-A TRADING AMERICA CORPORATION, a
New York Corporation
)
)
)
*Plaintiff*
)
)
v.
)
UNIVERSAL SURFACE TECHNOLOGY, INC. DBA TRENDY
)
EMBELLISHMENT, a California corporation, see attach
)
*Defendant*
)

Civil Action No. **CV12-6018** —CAS
(VBK)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

UNIVERSAL SURFACE TECHNOLOGY, INC., doing business as TRENDY EMBELLISHMENT, a
California corporation; KWAN BYUNG LEE, a/k/a KWAN LEE, an individual

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: JUL 1 2 2012

*Signature of Clerk or Deputy Clerk*

AO-440

SUMMONS IN A CIVIL ACTION

CONTINUATION SHEET OF DEFENDANTS

KWAN BYUNG LEE, a/k/a            )
KWAN LEE, an individual; and     )
DOES 1 through 10, inclusive,    )
                                 )
            Defendants.          )
                                 )
_____ )

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS**  (Check box if you are representing yourself ☐)

SAE-A TRADING AMERICA CORPORATIO, a New York Corporation,

**DEFENDANTS**

UNIVERSAL SURFACE TECHNOLOGY, INC., dba TRENDY EMELLISHMENT, a Caifornia corporation; KWAN BYUNG LEE, aka KWAN LEE, ET AL.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Quinn Emanuel Urquhart & Sullivan, LLP
David W. Quinto; Christopher Tayback
Ian S. Shelton
865 S. Figueroa St, 10th Floor
Los Angeles, California 90017

**Attorneys (If Known)**

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sections 1332 and 1338

**VII.  NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☒ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**FOR OFFICE USE ONLY:**   Case Number:   CV12-6018

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2
                                                                      CCD-JS44

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☐ No  ☒ Yes

If yes, list case number(s):  CV - 10-6972 CAS (PJWx)(Cross-Complaint)

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ No  ☒ Yes

If yes, list case number(s):  CV - 10-6972 CAS (PJWx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | New York - Sae-A Trading America Corporation |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County-Universal Surface Technology, Inc., et al. |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note:  In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_     Date July 12, 2012

DAVID W. QUINTO

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV12- 6018 CAS (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** 312 N. Spring St., Rm. G-8 Los Angeles, CA 90012 | [ ] **Southern Division** 411 West Fourth St., Rm. 1-053 Santa Ana, CA 92701-4516 | [ ] **Eastern Division** 3470 Twelfth St., Rm. 134 Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.