GIRARDI | KEESE
THOMAS V. GIRARDI (SBN 33063)
KEITH D. GRIFFIN (SBN 204388)
kgriffin@girardikeese.com
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 977-0211
Facsimile:  (213) 481-1554

Attorneys For Defendants and Counterclaimants
Universal Surface Technology, Inc. and
Kwan Byung Lee

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAE-A TRADING AMERICA CORPORATION, a New York Corporation<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL SURFACE TECHNOLOGY, INC. doing business as TRENDY EMBELLISHMENT, a California Corporation; KWAN BYUNG LEE, a/k/a KWAN LEE, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV12-6018 CAS (VBKx)<br><br>DEFENDANTS UNIVERSAL SURFACE TECHNOLOGY, INC.'S AND KWAN BYUNG LEE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION<br><br>Date:      October 29, 2012<br>Time:      10:00 a.m.<br>Ctrm.:     5 |

1

## I. SUMMARY OF ARGUMENT

Plaintiff's motion seeks a court judgment on its claims for (1) fraud on the copyright office and (2) declaratory relief seeking conveyance of certain copyrights. The motion must be denied. Despite the litany of deficiencies that Plaintiff attributes to the filing of the copyrights at issue, Plaintiff has no standing or even a reasonable basis to claim ownership of the patterns at issue. Defendant is not, was not and has never been an employee of Plaintiff. Until Plaintiff breached its contract, Defendant was a joint venturer in a garment manufacturing plant located in Guatemala. Defendant never assigned any interest in the subject patterns to Plaintiff. The parties' relationship was governed by an Investment of Fund & Factory Establishment/Operation Agreement, which does not contemplate any assignment of copyrights. Absent such an express assignment provision and the absence of any employee relationship, Plaintiff has no standing to make any claim for ownership of the copyrights. Even assuming Plaintiff did have standing, it has failed to satisfy its burden on any element of the subject claims. Plaintiff has not and can not demonstrate it, or its alleged predecessor in interest, Glovia, are, or were at any time, the rightful owner of the subject copyrights.

## II. STATEMENT OF FACTS

On September 20, 2010, Defendant Universal Surface Technologies, Inc. ("UST") filed a complaint initiating suit against now Plaintiffs Sae-A America, Ocen, Inc. and Sae-A Korea "doing business as Glovia" ("the original Federal Action"). The First Amended Complaint filed in the original Federal Action ultimately included claims for copyright infringement and Lanham Act violations, as well as supplemental state claims for fraud, misappropriation of trade secrets and unfair competition, to which Sae-A Korea, Glovia and Sae-America filed a counterclaim.

On January 25 2011, while this original Federal Action was already pending, Glovia filed a multi-count complaint in the Los Angeles Superior Court ("the State Action"), in which it was represented by two separate counsel, Jay Chung and David Quinto Defendant's attorney of record herein. On March 15, 2011, UST and its president, Byung Kwan Lee

DEFENDSANTS UNIVERSAL SURFACE TECHNOLOGY, INC.'S AND KWAN BYUNG LEE'S OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION

("Lee"), filed a Cross-Complaint in the State Action against Glovia, and ROES 1 through 50. That Cross-Complaint alleged causes of action for (i) fraud & deceit; (ii) misappropriation of trade secrets; (iii) unfair competition (Cal. Bus. & Prof. Code § 17200 et seq.), and (iv) common law unfair competition.

    The duplicative nature of this Federal Action and the State Action became increasingly apparent as discovery proceeded in both actions. Defendants herein began requesting that the original Federal Action be dismissed; however, despite the fact that the issues in the State Action and the Federal Action were identical, Sae-A Korea and Glovia refused to agree to the dismissal of the Federal Action. Accordingly, on November 19, 2011, Defendants herein filed an ex-parte application to dismiss the original Federal Action. The Ex-Parte Application was denied by the District Court on November 23, 2011, based solely on Sae-A Korea's and Glovia's misrepresentation in their opposition to the ex parte application that they would be prejudiced, falsely claiming that the state court would not grant a continuance of the trial date in order to allow them to complete discovery and file a motion for summary judgment on the supplemental state claims pled in the State Action.

    Upon learning of Sae-A Korea's and Glovia's misrepresentation, this Court in the original Federal Action reversed itself and granted Plaintiffs ex parte application to dismiss this Federal Action, finding that the attorneys for Sae-A Korea and Glovia, Mr. Chung and Mr. Quinto, had made misrepresentations to this Court. On December 22, 2011, this Court presiding over the original Federal Action clarified its order dismissing that action, including Sae-A Korea and Glovia's cross-claims and declining to retain jurisdiction over the supplemental state claim being litigated in this action. *See* Civil Minutes and Order of the Court regarding Defendants' Motion for Attorney Fees dated December 22, 2011 attached as Exhibit 4 to the Declaration of Keith D. Griffin dated October 15, 2012 ("Griffin Decl.").

    On July 12, 2012, Plaintiffs filed the present Federal Action, pleading for declaratory relief and alleging fraud on the copyright office against Defendants UST and Lee. Once again, Plaintiffs have filed a premature motion for summary judgment and seek costs for

3

DEFENDANTS UNIVERSAL SURFACE TECHNOLOGY, INC.'S AND KWAN BYUNG LEE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION

impetuous and unnecessary motion practice. Plaintiff filed this motion before Defense counsel were able to meet with Lee regarding the issues raised. Defense counsel has since spoken with Plaintiff's counsel about the issues raised in the motion, but were unable to resolve the matter informally.

### III.   STANDARD FOR SUMMARY JUDGMENT/ADJUDICATION

Summary judgment is appropriate when the record shows that "there is no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Rule 56(c) requires summary judgment for the moving party when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party is a plaintiff, it must "establish beyond peradventure all of the essential elements of the claim...to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F2d 1190, 1194 (5th Cir. 1986).

If the moving party meets this initial requirement, the burden then shifts to the opposing party to go beyond the pleadings and set forth specific facts that establish a genuine issue of material fact remains for trial. *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). Similarly, "a court may grant summary adjudication on part of a claim or defense, based on the standards applicable to a motion for summary judgment." *Meridian Project Sys., Inc. v. Hardin Const. Co., LLC*, 426 F. Supp. 2d 1101, 1105 (E.D. Cal. 2006).

### IV.   PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT

#### A.   Plaintiff Lacks Standing to Bring Its Claims

The Copyright Act requires that "no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made." 17 U.S.C § 411(a). In order for the federal court to have jurisdiction, the plaintiff must register the

4

DEFENDANTS UNIVERSAL SURFACE TECHNOLOGY, INC.'S AND KWAN BYUNG LEE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION

work or works upon which they are alleging infringement. *See Raquel v. Education Mgmt. Corp.*, 196 F.3d 171, 179 (3d Cir. 1999), vacated on other grounds, 531 U.S. 952 (2000); *Morgan, Inc. v. White Rock Distilleries, Inc.*, 230 F. Supp. 2d 104, 107 (D. Me. 2002). Here, Plaintiff has provided no evidence it has registered as the author or owner of the disputed works with the Copyright Office. Consequently, the Plaintiff lacks standing to bring its suit against Defendants, and its motion for summary judgment should therefore be denied.

### B. Plaintiff Fails To Bring a Valid Claim for Fraud On the Copyright Office

The required elements of a fraud on the Copyright Office claim are: 1) the application for copyright registration is factually inaccurate; 2) those inaccuracies were willful; and 3) the Copyright Office relied on those representations. *Lennon v. Seaman*, 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000). Assuming, arguendo, that Defendants copyright registrations were inaccurate, Plaintiff fails to show no genuine issue of material fact exists as to the willfulness of those alleged inaccuracies, or on the Copyright Office's reliance on those representations.

### C. A Triable Issue Of Fact Exists As To Whether Defendants Validly Registered Copyrights As Unpublished Collective Work

Defendant Lee validly registered the subject designs as unpublished collections. Under the Copyright Act, an unpublished collection of designs may be combined and registered "on a single application and upon payment of a single registration fee" when "all copyrightable elements...are otherwise recognizable as self-contained works..." 37 C.F.R. 202.3(4) and (4)(b).

> [A] combination of such elements shall be considered a "collection" if: (1) The elements are assembled in an orderly form; (2) The combined elements bear a single title identifying the collection as a whole; (3) The copyright claimant in all of the elements, and in the collection as a whole, is the same; and (4) All of the elements are by the same author, or, if they are by different

5

**DEFENDANTS UNIVERSAL SURFACE TECHNOLOGY, INC.'S AND KWAN BYUNG LEE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION**

authors, at least one of the authors has contributed copyrightable authorship to each element.

37 C.F.R. 202.3(4)(b).

Here, Defendants' designs fall within the Copyright Act definition as an unpublished collection. The 12 or more designs combined in each registration are assembled in an orderly form, contained on a single attached page. *See* Copyright Registration, attached as Exhibit 3 to Griffin Decl. Each collection bears a single title identifying the collection as a whole. Finally, the claimant in all of the elements and in the collection as a whole is the same, and all of the elements are by the same author, namely K.B. Lee.

As for the works being unpublished, according to the Copyright Office, in the case where a work "is reproduced in multiple copies, such as in reproductions of a painting…the work is published <u>when the reproductions</u> are publicly distributed or offered to a group for further distribution or public display." U.S. Copyright Office, Copyright Registration for Works of the Visual Arts 4, **Circular 40,** Nov. 2010 (emphasis added).

In the present case, the subject designs, like reproductions of a painting, were to be reproduced in multiple copies, specifically to be reproduced by silk-screen on a mass-produced article of clothing. Plaintiff fails to provide any evidence that, at the time of registration, those reproductions had already been produced and distributed. A triable issue of fact exists as to whether the subject designs had yet been reproduced and offered to Plaintiff or its customers for further distribution to retailers, wholesalers, or directly to the consumer. Thus Plaintiff has failed to establish no triable issue of fact exists. Such genuine issues of material fact compel a denial of Plaintiff's motion for summary judgment.

**D.    Plaintiff Fails To State Any Case Law Or Evidence Establishing Its Right To The Copyrights At Issue**

Plaintiff seeks declaratory relief from the court that it has the rights to 82 copyrights filed by Defendant Lee, however Plaintiff fails to point to any material fact or legal theory that supports such a finding. Plaintiff fails to show there is no genuine issue as to any material fact, and therefore fails to meet its burden.

6

DEFENDANTS UNIVERSAL SURFACE TECHNOLOGY, INC.'S AND KWAN BYUNG LEE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION

1. *Plaintiff is neither the author nor a successor to the rights of the author*

The party claiming a copyright, "must either himself be the author, or he must have succeeded to the rights of the author." 1-5 <u>Nimmer on Copyright</u> § 5.01 (citing *Epoch Producing Corp. v. Killiam Shows, Inc.*, 522 F.2d 737 (2d Cir. 1975), cert. denied, 424 U.S. 955 (1976)). Plaintiff provides no evidence that it authored the subject copyrights itself or filed valid copyright registrations with the Copyright Office. Nor can Plaintiff offer any evidence that it was a rightful successor in interest to the rights of the author.

The Copyright Act requires that a valid transfer of copyright ownership be by "an instrument of conveyance, or a note or memorandum of the transfer…in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a). Plaintiff can provide no evidence that the author or owner of the subject copyrights conveyed those rights to Plaintiff via a written and signed instrument of conveyance. Defendants' Statement of Uncontroverted Facts In Support Of Its Opposition To Plaintiff's Motion For Summary Judgment Or, In The Alternative, Summary Adjudication Of Issues ¶1 (hereinafter "Def's SUF") Rather, Plaintiff attaches an assignment from Glovia to Plaintiff without establishing that Glovia first had ownership rights to the subject copyrights.

2. *Plaintiff fails to satisfy the Work-for-Hire requirements of ownership*

The 1976 Copyright Act defines a work for hire as either "'a work prepared by an employee within the scope of his or her employment', . . . or…certain works specially ordered or commissioned." 1-5 **Nimmer on Copyright** § 5.03 (quoting *Warren Freedenfeld Asscs., Inc. v. McTigue*, 531 F.3d 38, 48 (1st Cir. 2008)). "In the case of a work made for hire, the *employer*…is considered the author…, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 17 U.S.C. § 201(b) (emphasis added).

Plaintiff's entire case for declaratory relief rests on the argument that Glovia was the work for hire owner of the disputed copyrights, however Plaintiff provides no material evidence supporting such a finding. Plaintiff neither alleges nor argues it is the author of

DEFENDANTS UNIVERSAL SURFACE TECHNOLOGY, INC.'S AND KWAN BYUNG LEE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION

1  the subject copyrighted designs. Nor does Plaintiff allege or argue that the designers of the
2  subject designs were its own employees or that of its alleged predecessor in interest, Glovia.

3  Plaintiff and Defendants Lee and UST entered into a joint venture to build a factory
4  in Guatemala ("the agreement"), under the name Glovia, S.A.. Def's SUF ¶2. Per the
5  agreement, Plaintiff would be the primary customer for the factory and provide start up
6  funding. *Id.* Defendants would supply the design artwork and technological knowhow to
7  set up and operate the factory. *Id.* The agreement was not intended to, or at any point
8  construed to turn UST's designers or executives into Plaintiff's employees, nor does the
9  agreement discuss or change the work for hire relationship between UST and its designers.
10 Def's SUF ¶3.

11 Plaintiff's only basis for its claim is that Defendants KB Lee and UST charged Glovia
12 for that portion of its designers salaries corresponding to time those designers spent on the
13 copyrighted works. This relationship fails to address any of the criteria for establishing an
14 employer-employee relationship within the meaning of the Copyright Act as detailed by the
15 Supreme Court in *Community for Creative Non-Violence v. Reid.* 490 U.S. 730, 109 S. Ct.
16 2166 (1989). Glovia was not the "hiring party", nor did it "have the right to control the
17 manner and means by which the product [was] accomplished." 1-5 Nimmer on Copyright §
18 5.03 (quoting *CCNV v. Reid*, 490 U.S. 730 at 751.)

19 Moreover, even assuming arguendo that such a financial relationship would establish
20 Glovia as the "employer", Plaintiff fails to provide adequate evidence that Glovia ever paid
21 Defendant for the services of its designers.
22 //
23 //
24 //
25 //
26 //
27 //
28 //

8

DEFENDANTS UNIVERSAL SURFACE TECHNOLOGY, INC.'S AND KWAN BYUNG LEE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION

## V. CONCLUSION

Plaintiff fails to meet its burden requiring a showing that no genuine issue as to any material fact exists. In addition, Plaintiff fails to cite to and satisfy any legal theory that would justify a finding in its favor regarding the disputed copyrights. Finally, Plaintiff lacks standing to bring such claims. Therefore its motion for summary judgment should be denied.

DATED: October 15, 2012

GIRARDI | KEESE

BY: _____
THOMAS V. GIRARDI
KEITH D. GRIFFIN
Attorneys for Defendants

DEFENDANTS UNIVERSAL SURFACE TECHNOLOGY, INC.'S AND KWAN BYUNG LEE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION

# PROOF OF SERVICE

<u>Sae-A Trading America Corp. v. Universal Surface Technology, Inc., Case No. 2:12-cv-06018-CAS-VBK</u>

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1126 Wilshire Boulevard, Los Angeles, California 90017-1904.

On October 15, 2012 I served the foregoing document described as **DEFENDANTS UNIVERSAL SURFACE TECHNOLOGY, INC.'S AND KWAN BYUNG LEE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION**, on all interested parties in this action as set forth on the attached service list in the following manner:

**See attached Service List.**

☐ (BY MAIL) By placing a true copy in envelope(s) addressed as referenced on ATTACHED SERVICE LIST. The envelope(s) were then sealed and deposited for collection and mailing in accordance with my employer's normal procedures. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service, with all postage prepaid, at Los Angeles, California, on the same day in the ordinary course of business.

☐ (BY E-MAIL) By electronic transfer via computer to the office of the parties listed on the ATTACHED SERVICE LIST.

☒ (ELECTRONIC FILING): I provided the document(s) listed on attached Service List electronically through the CM/ECF system pursuant to the instructions set forth in the Local Rules for the United States District Court for the Central District of California

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 15, 2012 at Los Angeles, California.

/s/ Brandon Wyman
Brandon Wyman

**DEFENDANTS UNIVERSAL SURFACE TECHNOLOGY, INC.'S AND KWAN BYUNG LEE'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY ADJUDICATION**