# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-6018 (CAS) (VBKx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | SAE-A TRADING AMERICA CORPORATION V. UNIVERSAL SURFACE TECHNOLOGY, INC., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| MONICA SALCIDO | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| David Quinto | | Brandon Wyman | |

**Proceedings:** PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Docket # 12, filed October 1, 2012)

## I. INTRODUCTION

Plaintiff filed this case in this Court on July 12, 2012. Plaintiff's complaint alleges two claims for relief: (1) declaratory relief regarding the ownership of copyrights, and (2) fraud on the Copyright Office. On October 1, 2012, plaintiff filed a motion for summary judgment. On October 16, 2012 defendants filed an opposition, and plaintiff replied on October 22, 2012. Plaintiff's motion is presently before the Court.

## II. BACKGROUND

This dispute concerns the ownership of copyrights to hundreds of clothing pattern designs. Plaintiff Sae-A Trading America Corporation ("Sae-A") sells garments to, among other clients, retailers in the United States. Complaint ¶ 12; Ptf.'s Mot. at 1. Defendant Universal Surface Technology ("UST") is a California corporation, and defendant Byung Kwan Lee ("Lee") is UST's president. Complaint ¶ 6; Answer ¶ 6; Def. Opp. at 1 – 2.

On July 23, 2006, Sae-A and UST executed the Investment of Fund & Factory Establishment/Operation Agreement ("Agreement"). Defendants' Statement of Undisputed Facts ("Def. SUF") ¶ 2; Plaintiff's Response to Def. SUF ("Ptf. Response to Def. SUF") ¶ 2. The purpose of the agreement was to establish a factory in Guatemala for printing designs on garments, for which Sae-A would "invest funds required for the establishment" of the factory, and UST would provide "technology, manpower, and engage in the operation of same." Agreement § 1. Specifically, the agreement stated that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6018 (CAS) (VBKx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | SAE-A TRADING AMERICA CORPORATION V. UNIVERSAL SURFACE TECHNOLOGY, INC., ET AL | | |

UST "shall be responsible for . . . designer(s), factory technician(s), etc. . . ." Agreement § 2.2. For its part, Sae-A was responsible for "establishing a corporation required to operate the factory." Agreement § 2.1. To this end, it appears that Sae-A established Glovia, S.A. ("Glovia"), which is not a party to this action. See Ptf.'s Mot. at 1.

The clothing designs at issue in this case (the "Designs") were created by several designers working in connection with the operation of the factory established pursuant to the Agreement. Plaintiff's Statement of Undisputed Facts ("Pft. SUF") ¶ 5; Defendant's Response to Ptf. SUF ("Def. Response to Ptf. SUF") ¶ 5. The parties dispute who employed these designers. According to defendants, these designers were employees of UST. Def. SUF ¶ 3.[1] Plaintiff disagrees, and instead claims that the designers were working "on behalf of Glovia," and that UST looked to Glovia to reimburse UST for the wages and fees UST paid to these designers. Ptf. SUF ¶¶ 7 – 8; Ptf.'s Mot. at 2.

The Designs were subsequently registered with the Copyright Office in 82 separate certificates. Ptf. SUF ¶¶ 1 – 2; Def. Response to Pft. SUF ¶¶ 1 – 2. Each certificate registers a collection of twelve or more patterns. Ptf. SUF ¶ 2; Def. Response to Pft. SUF ¶ 2. These certificates list Lee as the author of the designs. Ptf. SUF ¶ 3; Def. Response to Pft. SUF ¶ 3. Lee claims that he assigned these copyrights to UST. Ptf. SUF ¶ 10; Def. Response to Pft. SUF ¶ 10.

---

[1] Paragraph 3 of defendants' statement of uncontroverted facts states: "The Fund & Factory Establishment/Operation Agreement was not intended to, or any point construed to, turn UST's designers or executives into Plaintiff's employees, nor does the agreement discuss or change the work for hire relationship between UST and its designers." In support of this fact, defendants cited to "Lee Decl. ¶ 7." At oral argument, counsel for plaintiff noted that there are only six paragraphs in the Lee declaration, and therefore the facts stated in paragraph 3 are without evidentiary support. Paragraph 3 cites not only to paragraph 7 of the Lee declaration, but also cites the Agreement. Therefore, paragraph 3 of defendant's statement of unconverted facts is supported by admissible evidence, namely the Agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6018 (CAS) (VBKx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | SAE-A TRADING AMERICA CORPORATION V. UNIVERSAL SURFACE TECHNOLOGY, INC., ET AL | | |

## III.  LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6018 (CAS) (VBKx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | SAE-A TRADING AMERICA CORPORATION V. UNIVERSAL SURFACE TECHNOLOGY, INC., ET AL | | |

## IV. ANALYSIS

### A. Plaintiff's Request for Declaratory Relief

Plaintiff requests a declaration that it is the rightful owner of the copyrights in the Designs. According to plaintiff, Glovia acquired the copyrights in the Designs pursuant to the work made for hire doctrine, and Glovia in turn assigned the copyrights to plaintiff. Ptf. SUF ¶ 11; Ptf. Mot. at 5, 7. Plaintiff argues that Glovia owns the copyrights in the Designs under the work made for hire doctrine because it was entirely responsible for compensating the designers for the work they did on behalf of Glovia.

In reply, defendants argue that plaintiff has failed to make a prima facie showing that Glovia owned the copyrights in the Designs under the work for hire doctrine. Specifically, defendants argue that paying a portion of an individual's compensation does not alone create an employer-employee relationship under the work made for hire doctrine. Additionally, defendants argue that even if plaintiff's theory of ownership under the work made for hire doctrine were cognizable, plaintiff has failed to produce adequate evidence that Glovia paid UST for the designer's services. Finally, defendants argue that Lee was the owner of the copyrights in the Designs under the work for hire doctrine, and that UST's designers never became plaintiff's employees. Def. SUF ¶ 3; Def. Response to Ptf. SUF ¶¶ 4, 6.

The work made for hire doctrine is set out in 17 U.S.C. §§ 101, 201. Under this doctrine, a work is made for hire if it is:

> (1) a work prepared by an employee within the scope of his or her employment; or
>
> (2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire.

17 U.S.C. § 101. If a work is made for hire, "the employer or other person for whom the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6018 (CAS) (VBKx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | SAE-A TRADING AMERICA CORPORATION V. UNIVERSAL SURFACE TECHNOLOGY, INC., ET AL | | |

work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." 17 U.S.C. § 201.

Although plaintiff does not specify whether it is arguing that the Designs were works made for hire pursuant to part (1) or (2) of the definition set out above, there is no contention that the designs were "specially ordered" or "commissioned," and there is no evidence of an express work for hire agreement between Glovia and the designers. Presumably, plaintiff's position is that the designers produced the Designs within the scope of their employment with Glovia.

The Supreme Court, in <u>Community for Creative Non-Violence v. Reid</u>, 490 U.S. 730 (1989), has set out a detailed framework for determining whether a work qualifies as "a work prepared by an employee within the scope of his or her employment." Under <u>Reid</u>, courts must look to the "general common law of agency" to determine whether an individual is an employee for purposes of the work for hire doctrine. <u>Id.</u> at 742 – 743, 751; see also <u>JustMed, Inc. v. Byce</u>, 600 F.3d 1118, 1125 (following <u>Reid</u>). The Court in <u>Reid</u> explained that determining whether a hired party is an employee turns on "the hiring party's right to control the manner and means by which the product is accomplished." <u>Id</u>. at 751. The Supreme Court also enumerated a "nonexhaustive list" of twelve factors to consider when determining whether an individual is an employee:

> the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

<u>Id</u>. at 751 – 752 (citing the Restatement (Second) of Agency § 220). "No one of these factors is determinative." <u>Id</u>. at 752.

Considering these factors, it is unclear why an employee-employer relationship

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6018 (CAS) (VBKx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | SAE-A TRADING AMERICA CORPORATION V. UNIVERSAL SURFACE TECHNOLOGY, INC., ET AL | | |

would exist between Glovia and the designers who created the Designs based solely on the fact that UST billed Glovia for the hours and materials the designers used whenever they created designs for Glovia. In fact, this method of payment weighs against finding that the designers were Glovia employees. According to the Restatement (Second) of Agency, if payment is "by the job" rather than "by the hour," this weighs against the existence of an employment relationship. Restatement (Second) of Agency, Comment j. Similarly, the Ninth Circuit has explained that when a hired party is paid for the completion of specific tasks and does not receive a monthly salary, this method of payment weighs against finding the existence of an employment relationship. See JustMed, Inc., 600 F.3d at 1127 (observing that independent contractors are often paid upon completion of a specific job). Here, plaintiff does not contend that Glovia paid the designers a salary, but instead asserts that they were only paid for the specific designs they produced for Glovia. This appears more similar to a "by the job" method of payment rather than a salary method of payment, and therefore weighs against finding that an employee-employer relationship existed.

Additionally, there is no evidence before the Court addressing several of the Reid factors. It is unclear whether Glovia had control over when and how long the designers worked, or whether the designers had any obligation to produce designs for Glovia at all. Moreover, although plaintiff claims that UST passed on the costs of the designers' work to Glovia, there is no evidence of how the designer's were directly compensated by UST. Additionally, there is no evidence regarding the provision of employee benefits or the tax treatment of the designers. This is problematic because courts have stated that employee benefits and tax treatment are particularly important to this inquiry. JustMed, Inc., 600 F.3d at 1128; Aymes v. Bonelli, 980 F.2d 857, 863 (2d Cir. 1992) ("The importance of these two factors is underscored by the fact that every case since Reid that has applied the test has found the hired party to be an independent contractor where the hiring party failed to extend benefits or pay social security taxes."). In fact, even though the parties agree that the factory was constructed in Guatemala pursuant to the Agreement, it is unclear whether the designers worked out of that factory or engaged in design work elsewhere.[2]

---

[2] In later sections of plaintiff's briefing, plaintiff argues that the copyright registration certificates for the Designs were fraudulent because they identify Lee as the author and therefore "did not identify the true authors of the patterns in issue, who are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6018 (CAS) (VBKx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | SAE-A TRADING AMERICA CORPORATION V. UNIVERSAL SURFACE TECHNOLOGY, INC., ET AL | | |

     Finally, the underlying evidence offered in support of plaintiff's claim that UST kept records of the portions of time that the designers spent developing patterns for Glovia so UST could bill Glovia for the corresponding portion of the designer's total compensation is in dispute. According to plaintiff, this billing practice is established by ¶ 17 of the Quinto declaration, which refers to Exhibits 12 – 14 and Lee's deposition testimony that these exhibits were used "to calculate how much that we have spent, that we were–we needed to get reimbursed." Quinto Decl. ¶ 17 (quoting Lee Depo 28:33-29:4). Additionally, ¶ 17 of the Quinto declaration cites to an invoice that UST sent to Glovia. Mr. Quinto does not explain how he, as attorney for plaintiff's, could have acquired personal knowledge of UST's billing practices, so presumably his declaration is based upon the documents cited therein. Turning to those documents, the invoice cited by the Quinto declaration mentions designing and managing expenses, but is in no way probative of how UST billed Glovia for the services of UST designers. As for Exhibits 12 – 14, these are spreadsheets that name designers, and list a "check amount" and a "Glovia amount" for each designer. They additionally list a "tax," a column labeled "%," and an column labeled in what appears to be Korean. Defendants reply that Exhibits 12 – 14 were not billing statements sent to Glovia, and citing deposition testimony from Lee, they explain that they are documents accounting for how much money UST spent to support work product ordered by Glovia. Def. Reply to Pft. SUF ¶ 7. This alone shows a dispute of fact making summary judgment inappropriate. But even putting this dispute aside, and even assuming that these spreadsheets show that UST passed on the salary costs of some designers to Glovia, it is unclear what evidence shows that the designers listed on these spreadsheets produced the designs actually at issue in this case. Accordingly, there appears to be no evidence from which a rational trier of fact could conclude that Glovia undisputedly paid any compensation to the designers who actually produced the designs at issue.

---

either the artists who created the patterns, or UST, as the owner of works made for hire." Ptf.'s Mot. at 12. This appears inconsistent with plaintiff's position that Glovia is the work made for hire author of the Designs. Ptf. Mot. at 5 ("Because the designers were compensated by Glovia, the designs they created were "works for hire" owned by Glovia.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6018 (CAS) (VBKx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | SAE-A TRADING AMERICA CORPORATION V. UNIVERSAL SURFACE TECHNOLOGY, INC., ET AL | | |

For these reasons, plaintiff has failed to meet its burden of demonstrating that there is no issue of disputed fact with regard to plaintiff's claim for declaratory relief. Accordingly, plaintiff's motion for summary judgment is denied.[3]

### B. PLAINTIFF'S CLAIM FOR FRAUD ON THE COPYRIGHT OFFICE

Plaintiff argues that defendants made two kinds of false representations when registering the Designs with the Copyright Office. First, plaintiff argues that Lee falsely represented that he was the author of the Designs. In support of this argument, plaintiff argues that Lee admitted in deposition testimony that he knew he was not the work for hire author of the Designs. Second, plaintiff argues that the Designs were fraudulently registered as collective works. According to plaintiff, the Designs could not be registered as collective works because they were published prior to registration but were not published as collections, a fact that precludes registration as a collective work. Plaintiff concludes that Lee fraudulently failed to disclose to the Copyright Office the material fact that the works had been previously published.

In response, defendants argue that plaintiff has not produced evidence that any alleged misrepresentations made to the Copyright Office were willful, or that the Copyright Office relied on the misrepresentations when granting the certificates. Defendants also argue that the Designs were properly registered as unpublished collective works.

The Court finds that summary judgment on plaintiff's fraud on the Copyright Office claim is inappropriate. An essential element of a claim for fraud on the Copyright Office is intent to defraud. Urantia Foundation v. Maaherra, 114 F.3d 955, 963 (9th Cir.

---

[3] In its reply brief and at oral argument, plaintiff cursorily raised the argument that it is the work for hire author of the designs pursuant to the Agreement. Presumably, plaintiff's position is either: (1) the Agreement transforms employees of UST into employees of Glovia, or (2) UST and Lee are employees of Glovia under the Agreement. Although plaintiff argues that pursuant to the agreement "defendants were working on behalf of Glovia in creating the patterns," this provides no indication of why the Agreement demonstrates the existence of a common law of agency employment relationship between either UST's designers and Glovia or UST/Lee and Glovia.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6018 (CAS) (VBKx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | SAE-A TRADING AMERICA CORPORATION V. UNIVERSAL SURFACE TECHNOLOGY, INC., ET AL | | |

1997); 17 U.S.C. § 411(b)(1)(A). Inadvertent mistakes do not invalidate a registration certificate. Thus, to prevail on its motion for summary judgment, plaintiff must produce evidence that would compel a reasonable trier of fact to find that defendants supplied inaccurate information to the Copyright Office when registering the designs and knew that the information was inaccurate.

The Court finds that plaintiffs have not met this heavy burden. The Court first considers plaintiff's theory that Lee intentionally misrepresented that he was the author of the Designs. Although plaintiff claims that Lee admitted at deposition that he was not the author of the Designs, this is not the only rational interpretation of Lee's deposition testimony. In the deposition testimony cited by plaintiff, Lee is asked why the copyrights were registered in his name rather than UST's name. Lee Depo, 53:23 – 25. In response, Lee explains: "The designers are my employees . . . or UST's employees, and they do not have a right to – when they work for me, they do not have – the designs that they create are not – does not belong to them. It belongs to the company." Id. 54:14 – 19. When Lee was again asked why the copyrights were registered to him instead of UST, Lee responded: "Many reasons. It could be any reason, because they know that I am the CEO so they put my name there. It could be because I – they always use my credit card and has my name on there. I don't know. They put my name there. They could have put . . . UST, it would have been also fine." Id. 55:1 – 8.[4] Based on this testimony, a rational trier of fact could conclude that Lee believed that he was the work for hire author of the Designs, or at least that it was immaterial whether he or UST was listed as author, and therefore that any alleged mistakes[5] in identifying the author of the Designs were inadvertent and not intended to defraud. See 2 Nimmer on Copyright 7-212.4(5) (noting that courts have found that erroneous statements of authorship do not invalidate

---

[4] It appears that Lee did not personally prepare the copyright registrations, but instead requested that Andy Ahn register the copyrights. Lee Depo 57:22 – 58:18.

[5] As explained in part IV.A above, the Court lacks evidence about the employment status of the designers, and therefore the Court also cannot find as a matter of law that Lee was not the work for hire author of some or all of the Designs, especially in light of his testimony that the designers were his employees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6018 (CAS) (VBKx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | SAE-A TRADING AMERICA CORPORATION V. UNIVERSAL SURFACE TECHNOLOGY, INC., ET AL | | |

registrations).[6] Consequently, plaintiff cannot be granted summary judgment pursuant to this theory of fraud on the Copyright Office.

The Court next considers plaintiff's argument that defendants fraudulently failed to disclose the fact that the Designs had been previously published but not published as collections. In response to this argument, defendants deny publishing the Designs prior to registration. Instead, defendants take the position that the registrations were proper pursuant to 37 C.F.R. § 202.3(b)(4), which allows the registration of unpublished collections. Defendants explain that publication of the Designs never occurred prior to registration because none of the designs were mass produced prior to registration, and according to the Copyright Office, if a work is to be "reproduced in multiple copies," publication occurs only when the reproductions are "publicly distributed or offered to a group for further distribution or public display." U.S. Copyright Office, Copyright Registration for Works of the Visual Arts 4, Circular 40, Nov. 2010; see also 17 U.S.C. § 101 (defining "Publication" as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication.").

In reply, plaintiff claims defendants must have published the Designs prior to registration. According to plaintiff, defendants only registered patterns after they were offered for sale to plaintiff's clients. Ptf. SUF ¶ 9. Plaintiff further argues that whenever designs are offered for sale in the garment industry, customers ask to inspect physical samples printed on fabric panels or garments. These samples are called "strike-offs." Plaintiff submitted a declaration from Sae-A's vice president stating that Sae-A's customers followed this general practice and requested strike-offs whenever they purchased designs produced by defendants. Hana Chung Decl. ¶ 4. Plaintiff's conclude that by distributing these strike-offs, defendants published the Designs prior to registration.

---

[6] Plaintiff relies on Morgan, Inc. v. White Rock Distilleries, Inc., 230 F. Supp. 2d 104 (D. Maine 2002), for the proposition that mistakes regarding authorship invalidate copyright registrations. That case is inapposite, however, because there the court found reason to believe that the party who had filled out the relevant copyright registration had not made inadvertent mistakes. Morgan, Inc. 230 F. Supp. at 108.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6018 (CAS) (VBKx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | SAE-A TRADING AMERICA CORPORATION V. UNIVERSAL SURFACE TECHNOLOGY, INC., ET AL | | |

Considering this evidence, it appears that there is a genuine dispute of material fact regarding whether the designs were published prior to registration. Even if plaintiff is correct that strike-offs were provided to customers prior to sale, this does not show that copies of the designs were distributed "by sale or other transfer of ownership, or by rental, lease, or lending," or that the strike-offs were distributed for "purposes of further distribution." 17 U.S.C. § 101 (defining "Publication"). Additionally, courts have held that distributing samples of a copyrighted work does not amount to publication of that work. Hub Floral Corp. v. Royal Brass Corp., 454 F.2d 1226, 1229 (2d. Cir. 1974) ("It has long been settled that the taking of orders through employment of samples, catalogs, or advertisements of a work does not amount to publication of the work."). Therefore, distribution of the strike-offs for inspection does not show that publication occurred prior to registration.

Additionally, even if plaintiff were correct that the collections were otherwise published prior to registration[7], plaintiff has not explained what evidence shows that defendants knowingly made misstatements to the Copyright Office concerning publication of the Designs. Without evidence of intent to defraud, the Court cannot grant plaintiff summary judgment on its claim for fraud on the Copyright Office.

---

[7] Plaintiff argues that in related litigation defendants have alleged that the Designs were published prior to registration. In response, defendants assert that not all of the Designs were offered for sale prior to registration. Def. Reply to Ptf. SUF ¶ 9 (citing Lee Decl. ¶ 6; defendant's reply ¶ 9 also cites lines 23:18 – 24:3 of Ex. 2 to the Griffin Decl., but the Court notes that no such document appears to exist). Although the pleadings in related litigation have some probative value, they do not carry sufficient evidentiary force to compel any reasonable trier of fact to find that the Designs were published prior to registration. In any event, plaintiff fails to explain how this evidence demonstrates scienter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6018 (CAS) (VBKx) | Date | October 29, 2012 |
|---|---|---|---|
| Title | SAE-A TRADING AMERICA CORPORATION V. UNIVERSAL SURFACE TECHNOLOGY, INC., ET AL | | |

## V. CONCLUSION

For the reasons mentioned above, plaintiff's motion for summary judgment is hereby DENIED. The Scheduling Conference is reset for December 10, 2012 at 11:00 a.m.

IT IS SO ORDERED.

|  | 00 | : | 19 |
|---|---|---|---|
| Initials of Preparer | | | MS |